## WESTERN FUEL CO. v. GARCIA.*

(Circuit Court of Appeals, Ninth Circuit. February 3, 1919.)

No. 3195.

1. ADMIRALTY ⬮7—MARITIME CAUSE OF ACTION—STATE STATUTES.

Where a cause of action is maritime in its nature the rights, obligations, and liabilities of the parties are measured by the maritime law, unaffected by any state statute.

2. ADMIRALTY ⬮21—ENFORCING STATE STATUTE—SUIT FOR WRONGFUL DEATH.

While under the maritime law a suit cannot be maintained for the death of a person on the high seas or waters navigable therefrom, a statute of the state where the injury occurred, giving a right of action therefor, will be enforced by a court of admiralty, if the case is of admiralty cognizance.

3. ADMIRALTY ⬮21—ACTION FOR WRONGFUL DEATH—RIGHT OF ACTION GIVEN BY STATE STATUTE.

A court of admiralty, in enforcing a right of action for wrongful death given by a state statute, will enforce it in accordance with the recognized principles of maritime law, unaffected by the provisions of any state or local law, and hence it is not bound by a state statute of limitations.

4. SHIPPING ⬮84(5)—INJURY TO STEVEDORE—ASSUMPTION OF RISK.

Conceding that a stevedore employed in loading coal into buckets in a hold assumed the ordinary risk from the occasional falling of a lump of coal, he did not assume the risk from the spilling of a large quantity into the hold through the negligence of the hatch tender.

Appeal from the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Action in admiralty by Antone Garcia, administrator of the estate of Manuel Sousa, deceased, against the Western Fuel Company. Decree for libelant, and respondent appeals. Affirmed.

Ira S. Lillick and Hartley F. Peart, both of San Francisco, Cal., for appellant.

Henry Heidelberg and Christopher M. Bradley, both of San Francisco, Cal., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. The widow and minor children of Manuel Sousa, deceased, filed, August 21, 1917, in the court below, a libel against the appellant and two of its employés, to recover damages growing out of the death of the deceased while working as a stevedore in unloading coal from the hold of the steamer Tancred, at the time operated by the appellant company under charter, and discharging its cargo at the Howard Wharf in Oakland creek, Cal.—it being alleged that the death of the deceased was caused by the negligence of the libelees in the improper handling of the bucket, by which some of the coal was spilled and fell upon the deceased, killing him, on the 5th day of August, 1916. Subsequently the appellee was appointed administrator of the estate of the deceased, and as such filed an amended libel, upon which the cause was tried. It will be seen from what has been said that the original libel was not filed until a few days more than one year after the death of the deceased.

[1]. The record shows, however, that on April 25, 1917, his widow and minor children commenced proceedings for the recovery of the damages sustained by them, before the Industrial Accident Commission of the state of California, pursuant to the provisions of the Workmen's Compensation Act of 1913 (St. 1913, c. 176), which commission awarded them damages, but which proceedings were subsequently annulled by the Supreme Court of the state, following the decision of the Supreme Court of the United States in the case of Southern Pacific Co. v. Jensen, 244 U. S. 205, 37 Sup. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900, and other decisions of that court, the last of which was decided by that tribunal January 7, 1919, in the case entitled Union Fish Co. v. Erickson, 248 U. S. 308, 39 Sup. Ct. 112, 62 L. Ed. ——.

The present case being in admiralty, it is obvious that no provision of the California statute above referred to has any application here; the rights, obligations, and liabilities of the respective parties being measured by the maritime law. In addition to the cases already cited, see The Lottawanna, 21 Wall. 558, 575, 22 L. Ed. 654; Butler v. Boston Steamship Co., 130 U. S. 527, 557, 9 Sup. Ct. 612, 32 L. Ed. 1017; Workman v. Mayor, etc., of New York, 179 U. S. 552, 21 Sup. Ct. 212, 45 L. Ed. 314; South Covington & Cincinnati Street Ry. Co. v. South Covington et. al., 235 U. S. 537, 35 Sup. Ct. 158, 59 L. Ed. 350, L. R. A. 1915F, 792; The Steamship Jefferson, 215 U. S. 130, 30 Sup. Ct. 54, 54 L. Ed. 125, 17 Ann. Cas. 907; The Chusan, Fed. Cas. No. 2717.

[2] It is well settled that, in the absence of an act of Congress or a statute of a state giving a right of action therefor, a suit in admiralty cannot be maintained in the courts of the United States to recover damages for the death of a human being on the high seas, or on waters navigable from the sea, which is caused by negligence. The Harrisburg, 119 U. S. 199, 7 Sup. Ct. 140, 30 L. Ed. 358; The Alaska, 130 U. S. 201, 9 Sup. Ct. 461, 32 L. Ed. 923. Where, however, a statute of the state where the injury occurs gives such right of action, it will be enforced by a court of admiralty, if of admiralty cognizance. Authorities supra, and Buttner v. Adams, 236 Fed. 105, 149 C. C. A. 315; The Horsa (D. C.) 232 Fed. 997; 1 Corp. Jur. 1290, and cases there cited.

There being no United States statute upon the subject, the appellee's right to recover in the instant case must be found in a statute of California. Section 377 of its Code of Civil Procedure provides:

"When the death of a person not being a minor is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death, or if such person be employed by another person who is responsible for his conduct, then also against such other person. In every action under this and the preceding section, such damages may be given as under all the circumstances of the case may be just."

The right upon which the judgment of the court below rests was clearly given by that statute. Subsequently section 1970 of the Civil Code of California was enacted, which provides, among other things, as follows:

"An employer is not bound to indemnify his employé for losses suffered by the latter in consequence of the ordinary risks of the business in which he is employed, nor in consequence of the negligence of another person employed by the same employer in the same general business, unless the negligence causing the injury was committed in the performance of a duty the employer owes by law to the employé, or unless the employer has neglected to use ordinary care in the selection of the culpable employé: Provided, nevertheless, that the employer shall be liable for such injury when the same results from the wrongful act, neglect or default of any agent or officer of such employer, superior to the employé injured, or of a person employed by such employer having the right to control or direct the services of such employé injured, and also when such injury results from the wrongful act, neglect or default of a co-employé engaged in another department of labor from that of the employé injured. * * *"

In the case of Gousalves v. Petaluma, etc., Ry. Co., 173 Cal. 264, 266, 159 Pac. 724, the Supreme Court of that state, after referring to the question as to the extent, if at all, the above-mentioned sections of the California statutes conflicted, said:

"It was for the consideration of this important question that a hearing before this court was ordered. Heretofore this court has not been called upon to determine the matter. Thus in Ruiz v. Santa Barbara Gas Co., 164 Cal. 188, 128 Pac. 330, we declared that in that case it was immaterial whether it be considered that the action was brought by virtue of section 377 of the Code of Civil Procedure or by section 1970 of the Civil Code. Again in Pritchard v. Whitney Estate Co., 164 Cal. 564, 129 Pac. 989, the only pronouncement of the court upon this subject is that 'so far as injuries arising out of that relation are made actionable where death ensues, where they were not actionable before, section 1970 is now the only statute authorizing the action.'

This of course is a perfectly sound declaration, but it is giving it an unwarranted meaning to say that by it this court even intimated that the general provisions of section 377 of the Code of Civil Procedure were abrogated in every case of actions by the representatives of deceased employés. Indeed, it would call for very direct and positive language to lead a court to say that the lawmakers, in giving the general right of action provided for by section 377 of the Code of Civil Procedure to everybody else, and therein declaring that in every such action such damages may be given 'as under all the circumstances may be just,' meant to deny that right of action and forbid that measure of recovery in the case of representatives of deceased employés, and to declare that as to them there could be no recovery at all, unless the heirs of such employés were actual dependents upon them. But there is no language in our law which prompts, much less which forces, the view that the Legislature thus designed to restrict this right of action in cases where the death of an employé had been negligently caused.   Section 377 of the Code of Civil Procedure still remains in full force and gives the right of action and fixes the measure of recovery in all cases.   Section 1970 of the Civil Code is to be construed with section 377, not as superseding it, and so construed it means, as declared in Pritchard v. Whitney Estate Co., 164 Cal. 564, 129 Pac. 989, that where section 1970 has created rights of action growing out of the relationship of employer and employé, which rights of action did not formerly exist, such rights of action by the representative of an employé who has lost his life, may be prosecuted for the benefit of the class limited and designated in the section itself.   So construed there is no conflict between the two sections.   This construction, we repeat, is not only reasonable, but uniformly it is the construction which other courts have put upon their laws in cases where the provisions of those laws are similar to or identical with our own. We need not be at pains to review these authorities at length.   It will be sufficient to refer to [citing a number of cases]."

April 8, 1911, California passed another act (St. 1911, p. 796), providing, among other things, as follows:

"In any action to recover damages for a personal injury sustained within this state by an employé while engaged in the line of his duty or the course of his employment as such, or for death resulting from personal injury so sustained, in which recovery is sought upon the ground of want of ordinary or reasonable care of the employer, or of any officer, agent or servant of the employer, the fact that such employé may have been guilty of contributory negligence shall not bar a recovery therein where his contributory negligence was slight and that of the employer was gross, in comparison, but the damages may be diminished by the jury in proportion to the amount of negligence attributable to such employé, and it shall be conclusively presumed that such employé was not guilty of contributory negligence in any case where the violation of any statute enacted for the safety of employés contributed to such employé's injury; and it shall not be a defense:

"(1) That the employé either expressly or impliedly assumed the risk of the hazard complained of.

"(2) That the injury or death was caused in whole or in part by the want of ordinary or reasonable care of a fellow servant."

[3] The right of action for the death of the deceased being given by a statute of the state, a court of admiralty will enforce it (authorities supra), but enforce it in accordance with the recognized principles of maritime law, unaffected by the provisions of any state or local law.   Otherwise one admiralty court might readily be required to rule one way upon a certain state of facts, and another to rule another way upon a precisely similar state of facts, depending upon conflicting state or local laws, thus working the practical destruction of a uniform maritime law.   For this reason the California statute of limitations of one year, relied upon by the appellant in bar of the action, has

no more application to the case than had the California statute of frauds involved in the case of Union Fish Co. v. Erickson, supra, just decided by the Supreme Court.

[4] The court below found that the death of Sousa was caused by the negligence of the hatch tender in withdrawing the bucket from the hopper before it was fully dumped, and to his negligence in not giving warning to those in the hold where Sousa was working as a stevedore and killed, and, further, that the deceased was not guilty of any contributory negligence. Upon the record we see no sufficient reason to disturb those findings of fact.

We also agree with that court that the risk of his employment did not include the spilling of such a quantity of coal through the hatch as inflicted the fatal injury, even though it be conceded that the deceased assumed the ordinary risk of his employment due to the falling of an occasional lump of coal.

We are of the opinion that upon the merits the case was rightly decided, and that we would not be justified in increasing the amount of the award, as the appellee contends we should, made by the trial court, which was $10,000, less $494 already paid.

The judgment is affirmed.