### PAYNE v. JACKSONVILLE FORWARDING CO.

(Circuit Court of Appeals, Fifth Circuit.    April 24, 1923.)

#### No. 4041

1. **Admiralty ⬌66—Permitting amendment of answer held not error.**
    Permitting an amendment of the answer to present a defense developed by the testimony taken held within the discretion of the court.

2. **Admiralty ⬌20—Liability for maritime tort governed by maritime law.**
    An injury received by libelant, while helping to secure lines to a stranded vessel, was maritime, and a right of action to recover therefor and the measure of recovery are governed by the maritime law, and not by the state law.

3. **Seamen ⬌29(3)—Not entitled to recover indemnity for injury through negligence of master or member of crew.**
    A seaman is not entitled to recover an indemnity for an injury through negligence of the master or another member of the crew.

4. **Seamen ⬌29(3)—Seamen's Act does not change measure of liability.**
    Seamen's Act March 4, 1915, § 20 (Comp. St. § 8337a), providing that "seamen having command shall not be held to be fellow servants with those under their authority," does not change the rule of the shipowner's liability to a member of the crew, injured by reason of another member's negligence, without regard to their relationship, imposed by the maritime law.

Appeal from the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Suit in admiralty by Marion L. Payne against the Jacksonville Forwarding Company. Decree for respondent (280 Fed. 150) and libelant appeals. Affirmed.

A. H. King, of Jacksonville, Fla., Wm. B. Wright, Asst. Atty. U. S. Employees' Compensation Commission, of Washington, D. C. (Roswell King, of Jacksonville, Fla., and W. H. Warwick, of Washington, D. C., also on the brief), for appellant.

George C. Bedell and Francis M. Holt, both of Jacksonville, Fla. (R. P. Marks and S. R. Marks, both of Jacksonville, Fla., on the brief), for appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. On May 3, 1919, the libelant, Payne, was engaged as chief engineer on the steamship Harrish. This ship was aground on a shoal in the St. Johns river at Jacksonville, Fla. The tugboats St. John and Ruth E, belonging to Jacksonville Forwarding Company, working in tandem, were engaged in pulling the Harrish off said shoal. The operations were in charge of the forwarding company. The libelant, who was her chief engineer, was on board the Harrish, having, at the request of the captain of the tugs, got up steam, so as to assist in pulling her off. The tugs were pulling on a hawser belonging to the Harrish, which by the crews of the tugs had been run from the dock to the steamship and around the capstan of the ship. The libelant, Payne, observing one of the seamen of the tugs placing a stop on the hawser, offered to assist him, and while he was so engaged the hawser broke by reason of the surging on it by the tugs, and one end of it struck libelant, injuring him quite severely. It was claimed by libelant that the hawser broke by reason of the negligent manner in which it was placed on the steamship to be used by the tugs, and also that the master of the tugs did not warn the libelant of the purpose to have the tugs surge on the hawser, but ordered them to do so while libelant was actually working with said stop on said hawser, without giving warning.

Payne brought this libel in admiralty against Jacksonville Forwarding Company, the owner of the tugs. It defended on the grounds that the hawser was not improperly placed; also it denied that it failed to warn libelant that the tugs would surge on the line. It averred that the surging thereon was proper under the circumstances, and the libelant was negligent in placing himself too near said line. By amendment to its answer, it alleged that, if libelant was injured by the negligence of another, such negligence was that of a fellow servant. The libelant objected to the allowance of the amendment, because offered at the hearing after all evidence had been taken; but the amendment was allowed.

The Court found in favor of the defendant on the ground that the libelant, at the time he was hurt, was acting as the servant of respondent; that, if respondent's servants were guilty of any fault, such fault was that of a fellow servant, for which the master was not liable, and dismissed the libel. The libelant has appealed to this court.

[1] 1. There was no abuse of discretion in the ruling permitting respondent to plead that any negligence which might have contributed proximately to libelant's injury was the act of a fellow servant. The allowance of amendments rests largely in the discretion of the trial

judge, and his action will not be reversed, unless such discretion has been manifestly abused.

The amendment simply presented a defense claimed to exist under the testimony taken. Such a defense was plainly germane to the controversy. No surprise was claimed by the libelant, nor offer by him of further testimony refused. No request for time to produce further testimony was made and denied. We therefore think the ruling of the court permitting such amendment was proper.

[2] 2. The suit was brought in admiralty to recover for a maritime tort. The work on which the seaman of the tug was engaged, and which Payne undertook to do, was strictly a maritime service. The measure of liability of the respondent, therefore, is that fixed by the maritime law, and is not governed by the Hazardous Employment Act of Florida (Rev. Gen. St. 1920, §§ 4971–4976). Knickerbocker Ice Co. v. Stewart, 253 U. S. 149, 40 Sup. Ct. 438, 64 L. Ed. 834, 11 A. L. R. 1145; Carlisle Packing Co. v. Sandanger, 259 U. S. 255, 259, 42 Sup. Ct. 475, 66 L. Ed. 927. As has been stated by the Supreme Court of the United States:

"The work about which petitioner was engaged is maritime in its nature; his employment was a maritime contract; the injuries received were likewise maritime, and the parties' rights and liabilities were matters clearly within the admiralty jurisdiction. Atlantic Transportation Co. v. Imbrovek, 234 U. S. 52, 59, 60. And unless in some way there was imposed upon the owners a liability different from that prescribed by maritime law, petitioner could properly demand only wages, maintenance, and cure. Under the doctrine approved in Southern Pacific Co. v. Jensen, no state has power to abolish the well-recognized maritime rule concerning measure of recovery and substitute therefor the full indemnity rule of the common law. Such a substitution would distinctly and definitely change or add to the settled maritime law; and it would be destructive of the 'uniformity and consistency at which the Constitution aimed on all subjects of a commercial character affecting the intercourse of the states with each other or with foreign states.'" Chelentis v. Luckenbach S. S. Co., 247 U. S. 372, 382, 38 Sup. Ct. 501, 503 (62 L. Ed. 1171).

[3] 3. The suit in this case is solely one for compensatory damages for the injury suffered through alleged negligence of the master of the tugs, and is not for maintenance and cure, or wages. A seaman is not allowed to recover an indemnity for the negligence of the master, or any member of the crew, but is entitled to maintenance and cure, whether the injuries were received by negligence or accident. The Osceola, 189 U. S. 158, 175, 23 Sup. Ct. 483, 47 L. Ed. 760; Chelentis v. Luckenbach S. S. Co., 247 U. S. 372, 380, 381, 38 Sup. Ct. 501, 62 L. Ed. 1171.

Considered as a volunteer, Payne would only be entitled to due care on the part of the master or crew after knowledge that he was in a position exposed to the peril causing his injury. Here there was no evidence that the master had any notice that Payne had undertaken the work of placing said stop, or was in any position liable to be affected by the breaking of the hawser.

Payne was engaged at the time in discharging the duty of a seaman under the master of the tugs. The most favorable position which he could occupy would be to consider him, not merely as a volunteer, but

as one serving under said master, and as entitled to the rights of such a seaman. So considered, he would not be entitled to recover an indemnity for the negligence of either the master or a member of the crew.

[4] Section 20 of the Seamen's Act of March 4, 1915 (38 Stat. 1185; U. S. Comp. St. § 8337a), which declares "seamen having command shall not be held to be fellow-servants with those under their authority," does not change the rule of the shipowner's liability to a member of the crew injured by reason of another member's negligence, without regard to their relationship imposed by the maritime law.

"It was of no consequence, therefore, to petitioner, whether or not the alleged negligent order came from a fellow servant; the statute is irrelevant. The language of the section discloses no intention to impose upon shipowners the same measure of liability for injuries suffered by the crew while at sea as the common law prescribes for employers in respect of their employees on shore." Chelentis v. Luckenbach S. S. Co., 247 U. S. 372, 384, 38 Sup. Ct. 501, 504 (62 L. Ed. 1171).

Even if the Act of Congress of June 5, 1920, § 33 (41 Stat. 988, 1007), amending section 20 of said Seamen's Act, would alter the rules of liability above stated, it is not applicable to the instant case, as the injury here complained of was sustained on May 3, 1919, more than a year before its passage. Petition of Canadian Pac. Ry. Co. (D. C.) 278 Fed. 180, 190.

Under the general maritime law, by which this case is governed, therefore, Payne was not entitled to recover for the indemnity sued for, and the decree dismissing his libel was correct.

The decree of the District Court is affirmed.