# CASES

## ARGUED AND DETERMINED

### IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS, THE DISTRICT COURTS, AND THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA

---

### WOOD v. DAVIS, Agent, etc.

(Circuit Court of Appeals, Fifth Circuit. July 3, 1923.)

No. 4040.

1. **Master and servant ⬥179—Florida Hazardous Employment Act inapplicable to carpenter doing repair work on boat.**

The provisions of Florida Hazardous Employment Act (Rev. Gen. St. 1920, § 4971 et seq.) are not applicable to the injury of a carpenter doing repair work on a boat tied up for repairs.

2. **Master and servant ⬥200—Employee not entitled to indemnity for injuries from coemployee's negligence.**

Under the maritime law an employee on a vessel cannot recover from the owner indemnity for personal injury due to the negligence of a coemployee, but to be entitled to such indemnity the vessel must be unseaworthy as to him.

3. **Master and servant ⬥200—Vessel owner not responsible at common law for negligence of coemployee.**

At common law an employee on a vessel cannot hold his employer responsible for an injury caused by the negligence of a coemployee.

4. **Master and servant ⬥120—Hatchway left open through negligence of coemployee not unseaworthiness, rendering vessel liable to indemnity.**

Where a carpenter, employed in the repair of a boat, which was tied up for such repairs, was injured by falling in a hatch, the cover of which had been removed, and through the negligence of a member of the boat's crew engaged in overhauling machinery had not been replaced, such vessel was not unseaworthy as to the carpenter, and he was not entitled to indemnity from the owner.

5. **Master and servant ⬥107(5)—Master not responsible for temporary conditions.**

Temporary conditions, created by employees using or negligently failing to use appliances furnished by the employer, are not defects for the consequences of which the employer is responsible.

6. **Master and servant ⬥278(13)—Evidence held insufficient to charge vessel with negligence, where carpenter fell through hatchway left open by coemployee.**

In an action by a carpenter employed in repairing a boat, evidence *held* insufficient to charge the vessel or owner with negligence resulting in carpenter's injury from 'falling through a hatchway left uncovered through the negligence of a coemployee.

---

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

290 F.—1

In Error to the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Action at law by G. M. Wood against James A. Davis, Federal Transportation Agent. Judgment for defendant, and plaintiff brings error. Affirmed.

A. H. King and George C. Bedell, both of Jacksonville, Fla. (Roswell King, of Jacksonville, Fla., on the brief), for plaintiff in error.

W. E. Kay, of Jacksonville, Fla. (Thomas B. Adams and R. Ragland, both of Jacksonville, Fla., on the brief), for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. By this suit, brought in a Florida state court and removed to the court below, the plaintiff in error, G. M. Wood, sought to recover damages for personal injuries resulting from his falling in a hatch in the deck of the steamboat Osceola, while it was in the waters of the St. Johns river, moored to a wharf at Jacksonville, and undergoing general repairs. An agreed statement of facts showed the following:

Prior to and at the time of his injury Wood was employed by the day to do carpenter work involved in the repair of the boat. One Lucas, who was a member of the boat's crew while it was in operation, and then paid by the month, was employed and paid by the hour as a helper in overhauling the boat's machinery while the boat was laid up for repairs and overhauling. The making of the repairs on the boat was under the general superintendence of the superintendent, one Haynes, a foreman, Jones, being immediately in charge of the repair work in which Wood was engaged, and the chief engineer, Thompson, having immediate supervision of Lucas and the work he was doing. During the afternoon of the day Wood was hurt he was doing carpenter work in the after part of the lower deck of the boat. About 3 o'clock in the afternoon he left his work at that place and went to the forward part of the deck to get a drink of water. When he reached the water cooler, he found there several other employees who had gone to the water cooler for the same purpose.

While waiting for an opportunity to get a drink of water, Wood stepped backwards and fell into an open hatch, about two feet square, in the deck. That hatch was used to get to and from machinery in the boat's hold. Prior to Wood falling into the hatch, Lucas had been directed by Thompson to go down into the hold where the hatch was and replace and repair some filter boxes, which constituted a part of the boat's machinery. For the purpose of going into the hold Lucas removed the metal cover or grating from the hatch, laying it to one side, and then went down in the hold, where he remained, doing the work assigned to him, for an hour and a half or two hours, during which time the hatch was left open, so that Lucas could have light by which to do his work. After being in the hold for the period mentioned and not having sufficient light, Lucas came out of the hold, and, without replacing the cover or grating over the hatch, went around on the deck to the engine room to get an electric light attach-

ment, to give him more light for his work in the hold. Wood fell into the hatch during the period of about five minutes between the time Lucas came out of the hold and the time he returned to the hatch. The metal cover or grating provided for the hatch was ample and sufficient when in place to make that part of the deck safe.

At the time Wood was injured the boat's captain was sick in a hospital. During that afternoon Haynes, the superintendent, Thompson, the engineer, and Jones, foreman, were not upon or about the boat. The court directed a verdict for the defendant. After Wood was injured, he was carried to a hospital and treated. The evidence indicated that this was done at the expense of the boat or its owner. It was not claimed that there was a failure by the boat or its owner to provide and pay for proper treatment and care of the plaintiff after he was injured.

[1] In behalf of the plaintiff in error it was contended that the Florida Hazardous Employment Act (Rev. General Statutes of Florida, § 4971 et seq.) is applicable to the case presented. As that act has been construed by the Florida Supreme Court, it does not apply unless an injured employee at the time he is injured is engaged in a hazardous occupation mentioned therein; the fact that the employer is engaged generally in such an occupation not being sufficient to make the act applicable. Gulf, F. & A. Ry. Co. v. King, 73 Fla. 325, 74 South. 475. The kind of occupation in which Wood was engaged when he was hurt, doing carpenter repair work on a boat tied up for repairs, renders the act mentioned inapplicable, whether, for another reason, it would or would not have been applicable, if Wood had been engaged in a hazardous occupation mentioned in the act.

[2-4] It is not material to determine whether the law governing the case is the maritime law or the common law, if the plaintiff is deprived of a right to recover on a ground which is recognized in each of those systems of law. Under the maritime law an employee on a vessel cannot recover from the owner indemnity for a personal injury due to the negligence of a coemployee. To be entitled to such indemnity the vessel must be unseaworthy as to him. 26 Cyc. 1358. Likewise, under the common law, an employee cannot hold his employer responsible for an injury caused by the negligence of a coemployee. The presence of the hatch, provided as it was with a suitable cover, did not render the boat unseaworthy, nor make unsafe the passageway used by Wood in going for a drink of water. The place was safe, except when it was rendered unsafe by a negligent failure of an employee to use the means provided for keeping it safe. An employer is not held responsible for injuries to his employee, resulting from the place of work becoming unsafe through the negligence of a coemployee, where the employer has discharged his primary duty of providing a reasonably safe working place; nor is the employer obliged to keep the place safe at every moment, so that such safety depends on the due performance of their duties employees. Kreigh v. Westinghouse Co., 214 U. S. 249, 29 Sup. Ct. 619, 53 L. Ed. 984; Armour v. Hahn, 111 U. S. 313, Sup. Ct. 433, 28 L. Ed. 440. The just-stated rule applies when an employee

on a ship seeks to hold the ship or its owner liable for a personal injury caused by the negligence of a coemployee. Quebec Steamship Co. v. Merchant, 133 U. S. 375, 10 Sup. Ct. 397, 33 L. Ed. 656; 26 Cyc. 1120.

[5, 6] Temporary conditions created by employees using, or negligently failing to use, appliances furnished by the employer, are not defects for the consequences of which the employer is responsible. International Cotton Mills v. Pernod, 244 Fed. 723, 157 C. C. A. 171. The dangerous condition which resulted in the injury to Wood was not produced by the boat owner, but was the result of a fellow employee's negligent failure to close the hatch after using it. The duty of an employer to furnish a safe place for his employee to work does not go so far as to make the former an insurer against dangers to the latter resulting from a negligent failure of coemployees to use appliances provided for keeping the place safe. We think that the injury complained of was attributable to the negligence of a coemployee, for which the employer is not responsible.

The ruling in the case of Panama R. Co. v. Minnix (C. C. A.) 282 Fed. 47, is not in conflict with the above-stated views. Under the facts of that case the employer was responsible for the unsafe condition of the employee's place of work, as the employer operated over that place the unguarded coal conveyor, from which fell the lump of coal which caused the alleged injury. The evidence in the instant case did not show that negligence chargeable against the boat or its owner contributed to the injury now complained of.

The judgment is affirmed.