## YOUNG v. CLYDE S. S. CO.

(District Court, S. D. Florida, at Jacksonville. December 20, 1923.)

**1. Admiralty ⬳18—Every tort occurring on navigable waters of admiralty cognizance.**

Every tort, however occurring, if on the high seas or navigable waters, is of admiralty cognizance, and the Florida Hazardous Employment Act is not applicable to an injury occurring on navigable waters in such state.

**2. Admiralty ⬳21—No remedy for death independent of statutory law.**

For the death of a laborer from wrongful act as a result of a maritime tort, there is no remedy in admiralty jurisdiction, independent of statutory law.

**3. Admiralty ⬳21—Actions for death in United States courts.**

Neither by the common law, nor by the general maritime law, nor by any law of Congress (except as otherwise provided by Act March 30, 1920, § 1 [Comp. St. Ann. Supp. 1923, § 1251½], and Act June 5, 1920, § 33 [Comp. St. Ann. Supp. 1923, § 8337a]), will an action lie for death by wrongful act, and no such action can be sustained under any such law in the courts of the United States, except as provided in such acts.

**4. Seamen ⬳29(1)—Act of Congress held not to cover action for death of laborer on vessel.**

An action for death of a laborer on navigable waters will not lie under Act June 5, 1920, § 33 (Comp. St. Ann. Supp. 1923, § 8337a), such act applying only to those signed as seamen on the ship's articles or engaged in navigation.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**5. Admiralty ⊕21—State statute can create right of action for death on navigable waters.**

A state statute can create a right of action for death on navigable waters within its borders, and give it in personam and in rem to be enforced in admiralty, and such was the effect of Rev. Gen. St. Fla. 1920, § 4960.

**6. Admiralty ⊕1—State statute cannot enlarge jurisdiction of admiralty court.**

A state statute cannot enlarge the jurisdiction of the admiralty court, for under the Constitution of the United States such power is vested in Congress.

**7. Admiralty ⊕21—United States statute held not to create substantive right.**

An action cannot be maintained at law under the original Judiciary Act (Rev. St. § 563; Comp. St. § 991 [3]) for the death of a laborer on navigable waters within the borders of Florida, under Rev. Gen. St. Fla. 1920, § 4950, because the federal act refers only to remedies for the enforcement of the federal maritime law, and does not create substantive rights, or assent to their creation by the states.

**8. Death ⊕7—Florida death statute held to only give remedy by libel.**

Rev. Gen. St. Fla. 1920, § 4960, so far as it relates to death on navigable waters within the borders of the state, gives only a remedy by libel, and an action at law cannot be maintained.

At Law. Action by Lula Young against the Clyde Steamship Company. On demurrer to declaration. Demurrer sustained.

Gov. Hutchinson and John F. Hall, both of Jacksonville, Fla., for plaintiff.

Kay, Adams & Ragland, of Jacksonville, Fla., for defendant.

CLAYTON, District Judge. The plaintiff, as the widow of William Young, brought this personal action at law in the circuit court of Duval county, Fla., against the defendant steamship company for the death of her husband, a laborer employed by the defendant on the steamship Lake Fannin, now called the Osage. The case was seasonably transferred to this court on the ground of diversity of citizenship.

The first count charges negligence, in that the defendant failed to equip and maintain a sufficient and proper sounding tube for measuring oil in the fuel tank, and that as a proximate result thereof the laborer sustained injuries resulting in his death. The second count charges negligence on the part of the defendant in furnishing to the deceased a dangerous place to work, which was the proximate cause of his injury and death. The third count alleges negligence against the defendant, in that it carelessly and negligently failed to warn the deceased of the danger of looking into the manhole to ascertain the quantity of fuel oil in such tank, and that this carelessness and negligence was the proximate cause of the injury and death.

[1] The declaration sets out that the tort complained of was committed aboard a vessel on navigable waters, the St. John's river. This of itself fixes the tort as maritime, for every tort, however occurring, if upon the high seas or navigable waters, is of admiralty cognizance. Atlantic Transp. Co. v. Imbrovek, 234 U. S. 52, 60, 34 Sup. Ct. 733, 58 L. Ed. 1208, 51 L. R. A. (N. S.) 1157. And it follows that the Florida Hazardous Employment Act (Rev. Gen. Stats. Fla. § 4971 et seq.) is not applicable to this case. Payne v. Jacksonville Forward-

⊕ For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ing Co. (C. C. A.) 290 Fed. 936; Wood v. Davis (C. C. A.) 290 Fed. 1. However, it appears that the action is predicated upon section 4960, Rev. Gen. Stats. Fla., which provides that:

"Whenever the death of any person in this state shall be caused by the wrongful act, negligence, carelessness or default of any individual or individuals, or by the wrongful act, negligence, carelessness or default of any corporation, or by the wrongful act, negligence, carelessness, or default, of any agent of any corporation, acting in his capacity of agent of such corporation *(or by the wrongful act, negligence, carelessness or default of any ship, vessel or boat or persons employed thereon),* and the act, negligence, carelessness or default, is such as would, if the death had not ensued, have entitled the party injured thereby to maintain an action *(or to proceed in rem against the said ship, vessel or boat, or in personam against the owners thereof, or those having control of her)* and to recover damages in respect thereof, then and in every such case the person or persons who, or the corporation *(or the ship, vessel or boat),* which would have been liable in damages if death had not ensued, shall be liable to an action for damages *(or if a ship, vessel or boat, to a libel in rem, and her owners or those responsible for her wrongful act, negligence, carelessness or default, to a libel in personam),* notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to a felony." (Italics supplied.)

By demurrer the defendant insists that even under this statute the circuit court of Duval county and this court on its law side has no jurisdiction of this cause, for the reason it is a case of admiralty jurisdiction and is not cognizable at law. The demurrer is to be treated as a plea to the jurisdiction of this court at law, timely interposed.

[2, 3] It is a settled general rule that for the death of a laborer for wrongful act as a result of a maritime tort there is no remedy in admiralty jurisdiction independent of statutory law. Hughes on Admiralty, p. 228. Again, neither by the common law, nor by the general maritime law, nor by any law of Congress, except as otherwise provided by the congressional Acts of March 30, 1920, and of June 5, 1920 (Comp. St. Ann. Supp. 1923, §§ 1251½, 8337a), will an action lie for death by wrongful act; and no such action can be sustained under any such law in the courts of the United States, except as provided in the acts just referred to. Rundell v. LaCompagnie, etc., 100 Fed. 655, 659, 40 C. C. A. 625, citing Insurance Co. v. Brame, 95 U. S. 756, 24 L. Ed. 580 and other cases.

[4-7] The case here does not come within the operation of the Act of June 5, 1920. It authorizes a suit at law before a jury at the election of the personal representative of the deceased for the death of a seaman, but cannot be made to cover the action here, for the reason the plaintiff's deceased husband was generally employed as a laborer, and not signed as a seaman on the ship's articles or engaged in navigation. Cassil v. United States E. F. C. et al. (C. C. A.) 289 Fed. 774. However, a state statute can create the right of action for death and give it in personam and in rem, to be enforced, in either case, in admiralty. So I think that here the Florida statute has provided a new right within the established jurisdiction of the admiralty court. The state statute, section 4960, supra, does not enlarge the jurisdiction of the admiralty court. The state cannot do that, for under the Constitution of the United States such power is vested in Congress.

Neither under the Act of June 5, 1920, can the plaintiff for the reasons stated above, nor under the original Judiciary Act (section 563. Rev. Stats.; Comp. St. § 991 [3]), maintain this action at law; for the first-mentioned act covering maritime torts is limited to seamen, and the other refers only to remedies for the enforcement of the federal maritime law and does not create substantive rights or assent to their creation by the states. Knickerbocker Ice Co. v. Stewart, 253 U. S. 149, 40 Sup. Ct. 438, 64 L. Ed. 834, 11 A. L. R. 1145. The state statute does not accomplish such a result. It does not extend the jurisdiction, but does no more than add to the variety of cases within the recognized jurisdiction of admiralty. Western Fuel Co. v. Garcia, 257 U. S. 233, 42 Sup. Ct. 89, 66 L. Ed. 210; Ex parte McNiel, 13 Wall. 236, 243, 20 L. Ed. 624.

It was held in Insurance Co. v. Brame, 95 U. S. 759, 24 L. Ed. 580, that by the common-law actions for injuries to the person abate by death and cannot be revived or maintained by the personal representative or the heir. We are also reminded that by the Act of Parliament of August 21, 1846 (9 & 10 Vict.), action in certain cases is given to the representative of the deceased, and that this principle in various forms and with various limitations, has been incorporated in the statutes of some of the states of the Union. So here, under this principle, the Florida statute authorizing rights of action by reason of wrongful death caused by negligence of another is to be considered. The statute is set out in the beginning of this opinion.

Analysis of the statute shows that the form and the provisions of the Florida statute authorizing action in such cases of negligence differs from the statutes of other states hereinafter reviewed; for the Florida statute expressly specifies that the nature of the action is to be by a libel in rem against the ship or by a libel in personam against the owners or those having control of her, where death is caused by the carelessness or negligence of the vessel or persons employed thereon, or by her owners or those responsible for the wrongful act.

[8] So far as the act is concerned with maritime torts, it does not furnish alternative or cumulative remedies; that is to say, the remedy by action at law, or the remedy by libel, or by both. The enactment provides that, whenever the death shall be caused by the wrongful act of any individual or individuals or by the wrongful act, etc., of any corporation, or by the wrongful act, etc., of any agent of any corporation, then in every such case the person or persons who would have been liable for damages if death had not ensued shall be liable in action for damages; and it further provides that, whenever the death shall be caused by the wrongful act, etc., of any ship, vessel, or boat, or person employed thereon, then such ship, vessel, or boat shall be liable by a libel in rem, and her owners or those responsible for her wrongful act, negligence, etc., by a libel in personam. It seems plain that, when the death is caused by the negligence or wrongful act, nonmaritime, of an individual or individuals, or of a corporation, or any agent of a corporation, then the person or persons who, or the corporation which, would have been liable in damages if death had not ensued, shall be liable in action for damages. But if the death is caused by the

negligence or wrongful act of any ship, vessel, or boat, or person employed thereon, the ship or vessel shall be liable in rem, and her owners or those responsible for her wrongful act, negligence, etc., to a libel in personam.

The form and nature of the action for the first above-mentioned class of cases is an action at law; and the form and nature of the proceeding in the last-mentioned class of cases is either a libel in rem against the ship or vessel or a libel in personam against the owners or those responsible for her wrongful act, negligence, etc. This intendment is made more manifest when it is observed from the statute that the rights of action for wrongful death by maritime tort, as well as the form of action—libel in rem or in personam are each included in the parentheses in the statute—while death caused by the class first mentioned is not included in the parentheses. I think it is evident that the Legislature has provided for the right of action on account of wrongful death caused by maritime tort, and that there the remedy is by libel, while in nonmaritime cases the right of action is at law.

The cases collated by the plaintiff's attorneys can be distinguished from the one at bar. Steamboat Co. v. Chace, 16 Wall. 522, 21 L. Ed. 369 was a suit at law for a death in the waters of Rhode Island, caused by a maritime collision. The state statute gave the right of action at common law. As shown in Hughes on Admiralty, p. 230, the Supreme Court of the United States held that the Rhode Island statute providing an action at common law was valid, and that a state statute could authorize a common-law action, regardless of whether or not the tort was maritime or nonmaritime. The statute considered in that case is in this language:

"Sec. 16. If the life of any person * * * crossing upon a public highway with reasonable care, shall be lost by reason of the negligence or carelessness of such common carriers, * * * or by the unfitness or negligence or carelessness of their servants or agents, in this state, such common carriers * * * shall be liable to damages for the injury caused by the loss of life of such person, to be recovered by action on the case, for the benefit of the husband or widow and next of kin of the deceased person."

"Sec. 21. In all cases in which the death of any person ensues from injury inflicted by the wrongful act of another, and in which an action for damages might have been maintained at the common law had death not ensued, the person inflicting such injury shall be liable to an action for damages for the injury caused by the death of such person, to be recovered by action of the case for the use of his or her husband, widow, children, or next of kin," etc.

Rev. St. 1857, c. 176.

The Rhode Island statute provides a remedy at law and prescribes the form of action for damages to be by action on the case; also the statute contains no specification or provision that whenever the death occurs through the wrongful act of a ship, vessel or boat, or person employed thereon, that such ship, vessel or boat is liable "to a libel in rem, or those responsible for her wrongful act to a libel in personam," contained in the Florida statute. The Rhode Island statute was substituted for the common law on the subject and conferred upon the plaintiff a common-law remedy. The Florida act does not provide for a common-law form of action, where death occurs by the wrongful act of

any ship, vessel, or boat, or persons employed thereon, but declares that the action shall be by libel in rem or libel in personam.

Sherlock v. Alling, 93 U. S. 99, 23 L. Ed. 819, was the case of a collision between two boats by which the death of one Sappington, a citizen of Indiana, was caused. According to the opinion (page 100) the administrator of the decedent brought the action for his death in one of the courts of common pleas in Indiana under the statute of that state. I quote from the opinion:

"The administrator of the deceased brought the present action for his death in one of the courts of common pleas of Indiana, under a statute of that state, which provides, 'that when the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he lived, against the latter for an injury for the same act or omission.'"

It is apparent that the Indiana statute is substantially the same as that of Rhode Island and did not specify that the remedy should be by libel. Hughes on Admiralty, p. 230, comments in substance that the Indiana statute was the same as that of Rhode Island. There the author says that in Sherlock v. Alling, decided in 1876, an Indiana statute to the same effect was attacked on another ground.

In Sherlock v. Alling, supra, 93 U. S. on pages 104 and 105, 23 L. Ed. 819, it is stated in the opinion that:

"In the case of Steamboat Company v. Chace, reported in 16 Wallace, this court sustained an action for a marine tort resulting in the death of the party injured, in the name of the administrator of the deceased, under a statute of Rhode Island, similar in its general features to the one of Indiana."

I need not repeat the comments on the Rhode Island statute which are applicable to the Indiana statute.

In Western Fuel Co. v. Garcia, 257 U. S. 233, 42 Sup. Ct. 89, 66 L. Ed. 210, the action was in admiralty in personam. It was held that where death upon navigable waters follows from a maritime tort committed on navigable waters within a state where its statutes give a right of action on account of wrongful act, the admiralty court will entertain a libel in personam. On page 234 of 257 U. S. (42 Sup. Ct. 89, 66 L. Ed. 210) the petitioner's counsel recites that the libel and the remedy in the case was bottomed on section 377, Code of Civil Procedure, and section 1970, Civil Code of California. These statutes are set out in the opinion of the Circuit Court of Appeals, Ninth Circuit, in Western Fuel Co. v. Garcia, 255 Fed. 817, 167 C. C. A. 145, as follows:

"There being no United States statute upon the subject, the appellee's right to recover in the instant case must be found in a statute of California. Section 377 of its Code of Civil Procedure provides: 'When the death of a person not being a minor is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death, or if such person be employed by another person who is responsible for his conduct, then also against such other person. In every action under this and the preceding section, such damages may be given as under all the circumstances of the case may be just.'

"The right upon which the judgment of the court below rests was clearly given by that statute. Subsequently section 1970 of the Civil Code of Cali-

fornia was enacted, which provides, among other things, as follows: 'An employer is not bound to indemnify his employé for losses suffered by the latter in consequence of the ordinary risks of the business in which he is employed, nor in consequence of the negligence of another person employed by the same employer in the same general business, unless the negligence causing the injury was committed in the performance of a duty the employer owes by law to the employé, or unless the employer has neglected to use ordinary care in the selection of the culpable employé: Provided, nevertheless, that the employer shall be liable for such injury when the same results from the wrongful act, neglect or default of any agent or officer of such employer, superior to the employé injured, or of a person employed by such employer having the right to control or direct the services of such employé injured, and also when such injury results from the wrongful act, neglect or default of a coemployé engaged in another department of labor from that of the employé injured.' "

Examination of the California statute shows the form of the enactment, according the right of action for wrongful death in California, is similar to the Rhode Island and Indiana statutes commented upon, and did not contain any provision like the Florida statute, which requires the form of action to be by libel in personam or libel in rem, where the death was caused by any wrongful act of any ship, vessel, or boat, or person employed thereon, etc.

In the Garcia Case the court discusses several previously adjudged cases and holds that where death upon navigable waters within a state results from a maritime tort committed thereon, the admiralty courts will entertain a libel in personam for damages sustained by those to whom the right of action is given. It is to be remarked that this, the Garcia Case, was not brought on the common-law side of the court (the case at bar was brought there), but was brought in admiralty, and that the state statute did not prescribe the form of such causes of action to be by libel, and therefore it differed in that particular from the Florida statute. It may be said that, where the statute gives a general right of action for wrongful death, the same may be invoked under the authority of the Garcia Case as a basis for proceeding in admiralty by libel in personam. But this cannot be the case where the Florida statute, not only provides the remedy supplementing the common law, but prescribes the form of and forum for the suit.

The Harrisburg, 119 U. S. 199, 7 Sup. Ct. 140, 30 L. Ed. 358, The Hamilton, 207 U. S. 398, 28 Sup. Ct. 133, 52 L. Ed. 264, and The Sagamore, 247 Fed. 743, 159 C. C. A. 601, involved actions by reason of wrongful act upon the high seas, and are not in point with the case here, where the death occurred within the navigable waters of Florida.

It has already been stated that the Act of March 30, 1920, supra, now confers upon the personal representative of a decedent the right of action for his death on the high seas, and gives jurisdiction to the District Courts of the United States in admiralty. Recurring to the Garcia Case, supra, the opinion cites Hughes on Admiralty (2d Ed.) pp. 228, 230 et seq., and on page 241 of 257 U. S. (42 Sup. Ct. 90, 66 L. Ed. 210) declares:

"In Southern Pacific Co. v. Jensen, 244 U. S. 205, Chelentis v. Luckenbach S. S. Co., 247 U. S. 372, Union Fish Co. v. Erickson, 248 U. S. 308, and Knickerbocker Ice Co. v. Stewart, 253 U. S. 149, we have recently discussed the theory under which the general maritime law became a part of our

national law, and pointed out the inability of the states to change its general features so as to defeat uniformity, but the power of a state to make some modifications or supplements was affirmed. And we further held that rights and liabilities in respect of torts upon the sea ordinarily depend upon the rules accepted and applied in admiralty courts which are controlling wherever suit may be instituted. Under this view, American Steamboat Co. v. Chace and Sherlock v. Alling, support the right to recover under a local statute in an admiralty court for death occurring on navigable waters within the state when caused by tort there committed."

Now going on, it will be observed, and the Jensen, Chelentis, Erickson, and Stewart Cases authorize the conclusion, that the cases of America Steamboat Co. v. Chace and Sherlock v. Alling, supra, support the right to recover under a local statute in an admiralty court for death occurring on navigable waters within a state when caused by tort there committed; it may be said also that they distinctly do not go any further than to say that the statutory remedy is available in admiralty. The cases cited in the Garcia Case were considered by the Circuit Court of Appeals, Fifth Circuit, in Payne v. Jacksonville Forwarding Co., supra. There the court held that the Florida Hazardous Employment Act did not govern the measure of liability of the respondent, but that said measure of liability was controlled by the maritime law. In none of the decided cases was consideration given to whether or not the Florida statute here under examination, section 4960, authorizes an action at law for a maritime tort.

My conclusion is that the suit should have been instituted in admiralty to enforce the right of action for the wrongful death of the plaintiff's husband. That is the remedy provided by the statute, and that is the forum provided by law. There is nothing in the state statute which authorizes a common-law proceeding such as this. On the contrary, as I have endeavored to show, the express provision of the act specifies that such suit shall be brought by libel in rem against the ship, and against the owners and the others named in the act, in personam. The right given by the Florida statute, section 4960, supra, is not enforceable at law, but is enforceable in admiralty by libel in rem or in personam, as the statute provides.

Order entered sustaining the defendant's demurrer.

⬉For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes