## THE HOQUIAM.

### BOWES et al. v. BAUMERT.

(Circuit Court of Appeals, Ninth Circuit. October 28, 1918.)

#### No. 3155.

SEAMEN ⊙⇒29(3)—INJURY—FELLOW SERVANTS—LONGSHOREMAN—STATUTE— "THOSE."

Grammatically, as well as because the whole act relates to merchant seamen, "those," in Act March 4, 1915, § 20 (Comp. St. 1916, § 8337a), providing that, in any suit to recover for injury sustained on board a vessel, seamen having a command shall not be deemed to be fellow servants with "those" under their authority, refers, not to person injured, and so not to a longshoreman, employed by ship in loading, but to seamen.

Appeal from the District Court of the United States for the Southern Division of the Western District of Washington; Edward E. Cushman, Judge.

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Libel by W. M. Baumert against the steamship Hoquiam; E. C. Bowes and another, claimants. Judgment for libelant, and claimants appeal. Reversed.

Huffer & Hayden, W. H. Hayden, and F. A. Huffer, all of Tacoma, Wash., Percy P. Brush, of Kelso, Wash., and Ira A. Campbell and McCutchen, Olney & Willard, all of San Francisco, Cal., for appellants.

Govnor Teats, Leo Teats, Ralph Teats, and Teats, Teats & Teats, all of Tacoma, Wash., for appellee.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

HUNT, Circuit Judge. Libel against the steamer Hoquiam to recover for injuries sustained while appellee, a longshoreman, was working in the hold of the ship, loading railroad ties, at Hoquiam, Wash. The District Court found that the injury occurred by reason of the negligence of the hatch tender, who was the second officer of the ship, and who was in authority over the appellee, who was employed by the ship and working in its service. From a decree against claimants, appeal was taken.

The findings having settled disputed questions of fact, the sole question presented and argued is whether or not the hatch tender, a seaman employed by the ship, and the longshoreman, employed from the land by the hour by the ship to assist in loading, were fellow servants.

It is assumed that, since the law was settled by the case of The Osceola, 189 U. S. 158, 23 Sup. Ct. 483, 47 L. Ed. 760, a seaman is limited in his right of recovery to his cure and wages, where his injury is not the result of failure to care properly for the seaman or to provide a seaworthy ship. But the District Court held herein that a change was wrought by section 20 of the act of March 4, 1915 (38 Stat. 1185, c. 153 [Comp. St. 1916, § 8337a]), which reads as follows:

"That in any suit to recover damages for any injury sustained on board vessel, or in its service, seamen having command shall not be held to be fellow servants with those under their authority."

The view expressed was that, by using the words "in any suit" to recover for any injury, Congress meant to include more than seamen, and that the words "seamen having command," followed by "those," mean "those injured," and not those seamen. If this is a true construction, of course the judgment should be affirmed.

We find ourselves unable to agree with such a construction. The word "injured" is not in the section. It is a suit for damages for an "injury" sustained that the whole provision deals with. The two personal nouns which appear are "seamen" and "fellow servants," and by rules of ordinary construction the relative words are to be applied to the words or phrases immediately preceding, and are not to be construed as extending to or including others more remote, unless such extension is required by a consideration of the entire act. Cushing et al. v. Worrick, 9 Gray (Mass.) 382.

There are, however, broader rules which have greatly influenced us. We think that the context of the whole statute indicates that the lawmakers had in mind a particular class of persons for whose interests they were legislating. The act of which section 20 is a part is entitled one—

"to promote the welfare of American seamen in the merchant marine of the United States, to abolish arrest and imprisonment as a penalty for desertion and to secure the abrogation of treaty provisions in relation thereto, and to promote safety at sea."

Section 1 amends section 4516 of the Revised Statutes (Comp. St. 1916, § 8306), under the title "Merchant Seamen—Shipment"; and section 4516 of the Revised Statute is found in the act of June 7, 1872, which is entitled:

"An act to authorize the appointment of shipping commissioners by the several Circuit Courts of the United States, to superintend the shipping and discharge of seamen engaged in merchant ships belonging to the United States, and for further protection of seamen." 17 Stat. 262, c. 322.

Section 2 refers to the division of crews, to fire drills, and to the fixing of holidays. Section 3 amends section 4529 of the Revised Statutes (Comp. St. 1916, § 8320), under the title "Seamen—Wages and Effects." Section 4 amends section 4530 of the Revised Statutes (Comp. St. 1916, § 8322), under the title "Merchant Seamen—Wages and Effects." Section 5 amends section 4559 of the Revised Statutes (section 8343), under title of "Merchant Seamen—Protection and Relief." Section 6 amends section 2 of an act entitled "An act to amend laws relating to navigation," approved March 3, 1897. 29 Stat. 688, c. 389 (Comp. St. 1916, § 7734). Sections 7 and 8 amend sections 4596 and 4600, respectively, of the Revised Statutes (sections 8380, 8382), under title of "Merchant Seamen—Offenses and Punishments." Section 9 amends section 4611 of the Revised Statutes (section 8391), under Title of "Merchant Seamen—Offenses and Punishments." Sections 10 and 11 (sections 8392a, 8323) are amendatory of an act entitled "An act to amend the laws relating to American seamen, for the protection of such seamen and to promote commerce, approved December 21, 1898." Section 16 (section 8382a) abrogates treaties in so far as they provide for imprisonment and arrest of officers and seamen deserting, or charged with desertion from, merchant vessels of United States in foreign countries, and of seamen of foreign vessels in the United States. Section 19 (section 8372) amends section 16 of the act of December 21, 1898 (30 Stat. 759, c. 28) entitled "An act to amend the laws relating to American seamen and for the protection of such seamen and to promote commerce."

These several sections show that Congress was legislating with relation to American seamen. Longshoremen are not classified as seamen in the merchant marine. Treaties do not affect them, and legislation in relation to flogging or to safety at sea has no relation to them.

We are cited to Atlantic Transport Co. v. Imbrovek, 234 U. S. 61, 34 Sup. Ct. 733, 58 L. Ed. 1208, 51 L. R. A. (N. S.) 1157, and Southern Pacific Co. v. Jensen, 244 U. S. 205, 37 Sup. Ct. 524, 61 L.

Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900, as holding that a longshoreman working on a ship is of a class as clearly identified with maritime affairs as are the mariners. Conceding that there is such identity, and that a longshoreman is within the jurisdiction of the admiralty, it still does not answer the argument that the statute heretofore quoted, by the several rules of construction, includes only those persons mentioned in the act, seamen. In The Baron Napier, 249 Fed. 127, —— C. C. A. ——, a muleteer, hired by the master of the ship to care for mules, was injured while acting as a watchman at night, and in libel against the ship it was held that the seaman should have been furnished with a lantern, that section 20 abolished the fellow-servant doctrine, and that recovery was proper for personal injuries by reason of the negligence of the ship and failure to take proper care to furnish medical attention and to take steps to effect a cure. It is at least doubtful whether the court meant to announce more than the established rule that the ship was liable for no more than the furnishing of proper medical attention.

In Chelentis v. Luckenbach S. S. Co., 243 Fed. 536, 156 C. C. A. 234, the Supreme Court, 247 U. S. 372, 38 Sup. Ct. 502, 62 L. Ed. 1171, affirmed the view taken by the Court of Appeals of the Second Circuit, holding that section 20, supra, has not altered the situation in this respect; that whether or not the master and seamen are fellow servants is quite immaterial in a suit for injuries resulting from an improvident order of the master; that a seaman may not recover in a common-law action according to the full indemnity rule of the common law for personal injuries received in the performance of his duties at sea through such an order; and that the measure of his recovery is that of the maritime law—wages, maintenance, and cure. The Supreme Court said that the commands of section 20 should be given full effect whenever the relationship between "such parties" as the statute refers to becomes important, but that the maritime law imposes upon a shipowner liability to a member of the crew injured at sea by reason of another member's negligence, without regard to their relationship; hence that section 20 was irrelevant. Said the court:

"The language of the section discloses no intention to impose upon shipowners the same measure of liability for injuries suffered by the crew while at sea as the common law prescribes for employers in respect of their employés on shore."

We cite this decision as illustrating the limitations of section 20, and as in harmony with our opinion that, when we consider that the only class of persons mentioned in the section are seamen, it is proper to read and understand the whole section by its ordinary grammatical sense. The great purpose, the special need for protection of seamen, was carried out by the statute; but we find no safe ground for extension of its provisions to others not seamen.

The judgment is reversed.