WESTERN FUEL CO. v. GARCIA.

(Circuit Court of Appeals, Ninth Circuit. October 6, 1919.)

No. 3195.

MASTER AND SERVANT ☾⟩200—WINCHMAN AND STEVEDORE AS FELLOW SERVANTS.

A stevedore, helping to unload coal from the hold of a ship, and the winchman and hatchtender, also engaged in the same work, *held* fellow servants.

Appeal from the District Court of the United States for the First Division of the Northern District of California; M. T. Dooling, Judge.

On rehearing. Reversed.

For former opinion, see 255 Fed. 817, ——— C. C. A. ———.

Ira S. Lillick and Hartley F. Peart, both of San Francisco, Cal., for appellant.

Henry Heidelberg and Chris M. Bradley, both of San Francisco, Cal., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. The case was stated when last under consideration here (255 Fed. 817, ——— C. C. A. ———), which statement need not be repeated. The numerous preceding and conflicting decisions of both federal and state courts with respect to the provisions of state statutes at variance with the general maritime law in suits for personal injuries were finally disposed of by the decision of the Supreme Court in the case of Southern Pacific Co. v. Jensen, 244 U. S. 205, 37 Sup. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900, so that we think it unnecessary to make further reference to those cases. The Jensen Case grew out of the alleged wrongful death of a person, a right of action for which was given by a state statute. The later case in the same court of Chelentis v. Luckenbach S. S. Co., 247 U. S. 372, 38 Sup. Ct. 501, 62 L. Ed. 1171, grew out of personal injuries not resulting in death, but in neither of those decisions of the Supreme Court was the slightest distinction made between cases for wrongful death and those for personal injury not resulting in death.

It is clear, we think, that no such distinction exists, and that a right of action not given by admiralty, but by a state statute, while enforceable in a court of admiralty under the law as established by the Supreme Court in the cases above cited, and by other of its decisions there referred to, will be enforced only in accordance with the recognized principles of the maritime law. Regarding that question we are entirely satisfied of the correctness of our former decision in the present case. The error into which we then fell grew out of our not treating the deceased, Souza, and the winch driver and hatchtender, through whose negligence the accident occurred, as fellow servants. That they were such fellow servants, for which reason the appellant cannot be held responsible, was decided in a similar case by this court in

The Hoquiam, 253 Fed. 627, 165 C. C. A. 253. See, also, the similar decision of this court in the case of Olson v. Oregon Coal & Navigation Co., 104 Fed. 574, 44 C. C. A. 51, and the cases there cited.

We see no escape from the conclusion that the judgment appealed from must be reversed, with directions to the court below to dismiss the action, at the cost of the libelant; and it is so ordered.