### CASSIL v. UNITED STATES EMERGENCY FLEET CORPORATION et al.

(Circuit Court of Appeals, Ninth Circuit. May 7, 1923.)

No. 3972.

**1. Shipping ⊜84(3)—Owner not liable for stevedore's injuries, unless vessel was unseaworthy.**

Where libelant, a stevedore, was engaged in rendering a maritime service, loading a ship owned by the United States Emergency Fleet Corporation, when injured, he could hold the Emergency Fleet Corporation responsible for damages only on the theory that the vessel was unseaworthy in respect to the instrument whereby his injuries were occasioned.

**2. Seamen ⊜29(2)—Fellow servant rule not abrogated, as respects liability to stevedore, by Merchant Marine Act; "seaman."**

Where libelant, a stevedore, was engaged in rendering a maritime service, loading a ship owned by the United States Emergency Fleet Corporation, when injured, he could not hold his employer, a stevedoring company, responsible, if the negligent act which caused his injury was that of a fellow servant; the fellow servant rule in such case not being affected by Merchant Marine Act 1920, § 33, which applies only to seamen, for Rev. St. § 4612 (Comp. St. § 8392), does not declare a stevedore to be a "seaman," a seaman being any one who by contractual engagement with the owner, master, or charterer of a vessel serves the vessel in navigation.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Seaman.]

**3. Admiralty ⊜20—State cannot provide rules for enforcement of rights in admiralty.**

Where an injured stevedore brought libel against his employer, Oregon Workmen's Compensation Law, abolishing the doctrine of fellow servant, had no effect, as a state has no authority to provide rules for the enforcement of rights in admiralty.

**4. Courts ⊜427—Libel could not be transferred to common-law side of court for trial.**

Where an injured stevedore brought libel against his employer, the contention that, inasmuch as the libel contained all the essential averments of a complaint in a common-law action under Oregon Workmen's Compensation Law, it should have been transferred to the common-law side of the court for trial, could not be sustained, where the libel contained no allegation of diversity of citizenship essential to give jurisdiction to a federal court.

**5. Admiralty ⊜20—Libelant could not avail himself of statute as to common-law remedy.**

Where an injured stevedore brought libel against his employer, libelant could not avail himself of Rev. St. § 563, subd. 8 (Comp. St. § 991[3]), extending the judicial power of the United States to civil causes of admiralty and maritime jurisdiction, "saving to suitors in all cases the right of a common-law remedy where the common law is competent to give it," in order to obtain the benefit of the Oregon Workmen's Compensation Law, abolishing the fellow servant doctrine, for the statute refers only to remedies for the enforcement of the federal maritime law, and does not create substantive rights or assent to their creation by the states.

Appeal from the District Court of the United States for the District of Oregon; Charles E. Wolverton, Judge.

Libel by Jesse W. Cassil against the United States Emergency Fleet

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Corporation and another. Decree for libelees, and libelant appeals. Affirmed.

The appellant brought a libel in personam against the appellees to recover for personal injuries which he received upon the steamship West Kader, an American vessel owned by the United States Emergency Fleet Corporation, while said ship was at dock, and was being loaded with cargo by the appellee, the Portland Stevedoring Company, a corporation, in whose service the appellant was working in loading said ship. The libel alleged that, while the appellant was assisting in the effort to land a sling load of lumber on a truck on said ship, the winchman, operating the winches of said ship, carelessly and negligently raised the sling load by a sudden, violent jerk whereby the appellant's hand was caught between the loaded sling and the hatch coaming. Negligence was charged both against the ship and the stevedoring company. The court below dismissed the libel, holding that no cause of suit was alleged against the Fleet Corporation, there being no allegation of the unseaworthiness of the vessel, and that there was no cause of suit against the stevedoring company, for the reason that the winchman, through whose alleged negligence the accident occurred, was a fellow servant of the appellant, for whose negligence the stevedoring corporation was not liable.

Seneca Fouts and Wm. H. Hallam, both of Portland, Or., for appellant.

E. L. McDougal, of Portland, Or., for appellee Portland Stevedoring Co.

Wood, Montague & Matthiessen, of Portland, Or., for appellee United States Emergency Fleet Corporation.

Before GILBERT, MORROW, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1, 2] The appellant was engaged in rendering a maritime service when he received his injuries. He could hold the Emergency Fleet Corporation responsible for damages only on the theory that the vessel was unseaworthy in respect to the instrument whereby his injuries were occasioned. There is no allegation in the libel that the accident resulted from the use of any defective appliance of the ship. Nor can he hold the stevedoring company responsible if the negligent act which caused his injuries was that of a fellow servant. The Hoquiam, 253 Fed. 627, 165 C. C. A. 253; The Daisy (C. C. A.) 282 Fed. 261; Western Fuel Co. v. Garcia (C. C. A.) 260 Fed. 839.

The appellant contends that the case is relieved of the fellow servant rule by section 33 of the American Merchant Marine Act (41 Stat. 1007), which declares that "any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury," and gives to the plaintiff in such action the benefit of all statutes of the United States which modify or extend the common-law right or remedy in cases of personal injuries to railway employees, and further contends that a stevedore is declared to be a seaman by section 4612, Rev. Stats. (Comp. St. § 8392), which provides that "every person (apprentices excepted) who shall be employed or engaged to serve in any capacity on board" any vessel belonging to any citizen of the United States "shall be deemed and taken to be a seaman."

But it was not the intention of the statute to include as seamen long-

shoremen or stevedores. The heading of the title under which section 4612 is found is "Merchant Seamen." The provisions under that title all relate to vessels belonging to citizens of the United States and the employment, wages, protection, discharge, and rights of merchant seamen. The statute was not intended to and does not enlarge the definition of "seaman" as it was then understood and accepted in admiralty law. Generally speaking, a seaman is any one who, by contractual engagement with the owner, master, or charterer of a vessel, serves the vessel in navigation. He is not necessarily a sailor. He may be a cook, fireman, or even a bartender. A stevedore renders no service in actual navigation. It is true that he renders service incidental to navigation in loading and unloading vessels, a service which is maritime in its nature but he is a landsman and he does not belong on the vessel, nor does he go with the vessel. It has never been held that stevedores are included in the definition contained in the section so quoted. In The Ole Oleson (C. C.) 20 Fed. 384, it was held that longshoremen were but landsmen, and were not entitled to recover upon a libel for seamen's wages. Saylor v. Taylor, 77 Fed. 476, 23 C. C. A. 343, cited by the appellant, is not in point. It goes no farther than to hold that engineers and employees of a dredge engaged in deepening navigable waters and capable of being towed from place to place are seamen.

[3] There can be no doubt that for his injuries which were received while on board the vessel the appellant may bring a libel against his employer in the admiralty for damages as for a maritime tort. Atlantic Transport Co. v. Imbrovek, 234 U. S. 52, 34 Sup. Ct. 733, 58 L. Ed. 1208, 51 L. R. A. (N. S.) 1157. Yet in such an action, in an admiralty court, the doctrine of fellow servant still obtains. But the appellant claims the benefit of the provisions of the Oregon Compensation Law (Laws 1913, p. 188), among which is the abolition of the doctrine of fellow servant, and he contends that an admiralty court is bound to take notice of that law. The state, however, has no authority to provide rules for the enforcement of rights in admiralty. Southern Pacific Co. v. Jensen, 244 U. S. 205, 37 Sup. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900. Said the court in Grant Smith-Porter Co. v. Rohde, 257 U. S. 469, 42 Sup. Ct. 157, 66 L. Ed. 321:

"The statute of the state applies and defines the rights and liabilities of the parties. The employees may assert his claim against the Industrial Accident Fund to which both he and the employer have contributed as provided by the statute, but he cannot recover damages in an admiralty court."

[4] It is intimated that, inasmuch as the libel here contains all the essential averments of a complaint in a common-law action under the Oregon Compensation Law, it should have been transferred to the common-law side of the court below for trial. But the contention is fully met by the fact that the libel contains no allegation of the diversity of citizenship essential to give jurisdiction to a federal court.

[5] Nor can the appellant, in this proceeding, avail himself of the provision of the original Judiciary Act as expressed in subdivision 8 of section 563, Rev. Stats. (Comp. St. § 991 [3]), extending the ju-

dicial power of the United States to civil causes of admiralty and maritime jurisdiction, "saving to suitors in all cases the right of a common-law remedy, where the common law is competent to give it," for that provision refers only to remedies for enforcement of the federal maritime law and does not create substantive rights or assent to their creation by the states. Knickerbocker Ice Co. v. Stewart, 253 U. S. 149, 40 Sup. Ct. 438, 64 L. Ed. 834, 11 A. L. R. 1145; Union Fish Co. v. Erickson, 248 U. S. 308, 39 Sup. Ct. 112, 63 L. Ed. 261; Chelentis v. Luckenbach S. S. Co., 247 U. S. 372, 38 Sup. Ct. 501, 62 L. Ed. 1171; Southern Pacific Co. v. Jensen, supra.

The decree is affirmed.