## GRIMBERG v. ADMIRAL ORIENTAL S. S. LINE.

(District Court, W. D. Washington. N. D. July 7, 1924.)

### No. 8339.

**1. Seamen ⬤⟹2—Watchman employed during voyage is "seaman."**

A watchman, member of a crew during a voyage, is a "seaman," within Merchant Marine Act, § 33 (Comp. St. Ann. Supp. 1923, § 8337a).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Seaman.]

**2. Seamen ⬤⟹29(4)—Contributory negligence not a defense in action for injury.**

By Employers' Liability Act, § 3 (Comp. St. § 8659), incorporated by reference in Merchant Marine Act, § 33 (Comp. St. Ann. Supp. 1923, § 8337a), the defense of contributory negligence is abolished in actions at law for injuries to seamen, and the rule of comparative negligence is adopted.

**3. Seamen ⬤⟹29(4)—Assumption of risk.**

An injured seaman must be held to have assumed the risk of injury from any and all those dangers ordinarily and naturally incident to the service, but not to the full extent of the doctrine of assumption of risk as applied to employees on land, because of the difference in conditions, his inability to quit the service, and his subjection to disciplinary and summary punishment for disobedience of orders.

**4. Seamen ⬤⟹29(4)—Risks not assumed.**

A seaman does not assume the risk of injury resulting from unseaworthiness of the vessel, defective appliances, or a place to work not made reasonably safe, though he continues in the employment with knowledge of the danger, nor from the negligence of an officer of the ship, or other member of the crew.

At Law. Action by George Grimberg against the Admiral Oriental Steamship Line. On demurrer to complaint. Overruled.

J. E. McGrew and Morris & Shipley, all of Seattle, Wash., for plaintiff.

Bronson, Robinson & Jones, of Seattle, Wash., for defendant.

CUSHMAN, District Judge. Plaintiff, complaining, alleges that he elects to sue defendant at law, with the right of trial by jury, as provided by section 33 of the Act of June 5, 1920, Merchant Marine Act of 1920, or Jones Act, section 8337a, Comp. Stat. Supp. of 1923, 41 Stat. at Large, 1007, for the recovery of full compensation for certain injuries sustained by him upon a vessel operated by defendant; that plaintiff was a night watchman upon said vessel, and was injured while the vessel was upon a voyage from Japan to Seattle. The injury is alleged to have been caused by plaintiff tripping and falling over one of the iron bars holding down a tarpaulin upon a hatch cover, which bar was, negligently, not fastened in place; that provision was not made for fastening it in place; that one end of it extended beyond the hatch coaming and projected over the passage across which plaintiff was in the act of passing; and that the deck was insufficiently lighted.

Defendant has demurred, citing, among others, the following cases: The Allianca, 1923 American Maritime Cases, 798, 290 Fed. 450; The Swiftsure (D. C.) 1923 A. M. C. 298, 286 Fed. 689; Payne v.

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Jacksonville Forwarding Co. (C. C. A.) 1923 A. M. C. 524, 290 Fed. 936; The West Kader, 1923 A. M. C. 655, 289 Fed. 774; The Titan, 1923 A. M. C. 697; The Iowan, 1923 A. M. C. 303; Southern Railway Co. v. Gray, 241 U. S. 333, 36 Sup. Ct. 558, 60 L. Ed. 1030; San Antonio & Ark. Pass Ry. Co. v. Wagner, 241 U. S. 476, 36 Sup. Ct. 626, 60 L. Ed. 1110; Pennsylvania R. Co. v. Glas, 239 Fed. 256, 152 C. C. A. 244; Seaboard Air Line Ry. v. Horton, 233 U. S. 492, 34 Sup. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475; Hough v. Railway Co., 100 U. S. 213, 25 L. Ed. 612; Washington & Georgetown Railroad Co. v. McDade, 135 U. S. 554, 10 Sup. Ct. 1044, 34 L. Ed. 235; Choctaw, Oklahoma, etc., R. R. Co. v. McDade, 191 U. S. 64, 24 Sup. Ct. 24, 48 L. Ed. 96; Washington Terminal Co. v. Sampson, 289 Fed. 577, 53 App. D. C. 179; Phillips v. Pennsylvania R. Co. (C. C. A.) 283 Fed. 381; Salsedo v. Palmer et al. (C. C. A.) 278 Fed. 92.

[1] A watchman, a member of the crew, can be considered in no other light than a seaman, during a voyage, and is therefore within the terms of the Merchant Marine Act. The West Kader, 1 A. M. C. 655, 289 Fed. 774, is a case not in point. That was a suit by a stevedore; a stevedore's service is maritime, but he is not a seaman. The Hoquiam, 253 Fed. 627, 165 C. C. A. 253. The Swiftsure (D. C.) 1 A. M. C. 298, 286 Fed. 689, is a case not in point, for the court was there considering a libel in rem. Both the LaFollette Act (section 20 of the Act to Promote the Welfare of the American Seamen, 38 Stat. at Large, 1185; section 8337a, Comp. Stat.) and the Jones Act changed the maritime law by abolishing the fellow servant rule. Chelentis v. Luckenbach S. S. Co., 247 U. S. 372, 38 Sup. Ct. 501, 62 L. Ed. 1171.

The first Employers' Liability Act (34 Stat. at Large, 232) was made applicable to common carriers engaged in interstate commerce. It was not by its terms restricted to carriage by railroad. This act was held invalid, because of inseparable provisions affecting intrastate commerce (Illinois Central R. Co. v. Howard, 207 U. S. 463, 28 Sup. Ct. 141, 52 L. Ed. 291), but remained in effect in the territories and District of Columbia (El Paso, etc., Ry. Co. v. Gutierrez, 215 U. S. 87, 30 Sup. Ct. 21, 54 L. Ed. 106; Sandstrom v. Pacific S. S. Co., 260 Fed. 661, 171 C. C. A. 425).

In The Max Morris, 137 U. S. 1, 11 Sup. Ct. 26, 34 L. Ed. 586, the contributory negligence of the stevedore was held not to bar recovery. The court adopted the rule in collision cases for the division of damages, but expressly declined to determine whether the division should be equal. While in many cases the rule of equal division of damages has been adopted, it has not been uniformly followed, as an examination of the cases cited in note 91, p. 1245, 35 Cyc., and in Rose's Notes on The Max Morris will disclose.

In a common-law action for collision, the Supreme Court refused to apply the admiralty rule for the division of damages, and denied recovery to plaintiff on the ground of contributory negligence. Belden v. Chase, 150 U. S. 674 at page 691, 14 Sup. Ct. 264, 37 L. Ed. 1218. In later cases it has been held that:

"The general rules of the maritime law apply whether the proceeding be instituted in an admiralty or common-law court." Carlisle Packing Co. v.

Sandanger, 259 U. S. 255, at page 259, 42 Sup. Ct. 475, 477, 66 L. Ed. 927; Chelentis v Lackenbach S. S. Co., 247 U. S. 372, 38 Sup. Ct. 501, 62 L. Ed. 1171; Knickerbocker Ice Co. v. Stewart, 253 U. S. 149, at 159, 40 Sup. Ct. 438, 64 L. Ed. 834, 11 A. L. R. 1145.

[2] It is not necessary to determine in the present case whether the effect of the decision in Belden v. Chase, 150 U. S. 674, 14 Sup. Ct. 264, 37 L. Ed. 1218, supra, is to make an exception to the general rule as above announced in cases, in so far as they involve the question of contributory negligence; for section 3 (section 8659, Comp. Stat.) of the Employers' Liability Act—the general rule in which is adopted by the Jones Act—abolishes the defense of contributory negligence and provides for measuring the damages recoverable by the rule of comparative negligence.

[3] In the present case it has been argued that the risk of injury from the cause described was assumed by plaintiff. Employers' Liability Act of 1908, § 4 (section 8660, Comp. Stat.), provides that an employé—

"shall not be held to have assumed the risks of his employment in any case where the violation by such common carrier of any statute enacted for the safety of employés contributed to the injury or death of such employé."

The effect of this was to leave in effect the general defense of assumption of risk. Seaboard Air Line Railway v. Horton, 233 U. S. 492, 34 Sup. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475, supra. It therefore follows that an injured seaman must be held to have assumed the risk of injury from any and all those dangers, ordinarily and naturally incident to the service in which he engages; but it cannot be that Congress intended to make applicable to seamen the entire doctrine of assumption of risk, as the same has been developed under the law of railway carriage. This necessarily results from the difference in the terms of the two employments. The servant or employé on shore is free to quit at will his employment, if there appear to him dangers in it; this the seaman cannot do.

The seaman, for desertion, forfeits not only the wages he has earned, but the clothes and effects he leaves on board. For neglect of duty he is subject to forfeiture of part of his wages. For willful disobedience to lawful command he is not only liable to forfeiture of part of his wages, but to be placed in irons, as well; for continued willful disobedience to lawful command, he is not only subject to penalties and punishment similar in kind, but to be put on bread and water, with full rations every fifth day. Section 8380, Comp. Stat. The seaman's neglect of duty or refusal to do a lawful act, under certain circumstances, subjects him to imprisonment. Section 8383, Comp. Stat. Not only under the law, by refusing to do the work required of him, does he incur the risk of forfeiture and punishment, but during the voyage he is physically unable to leave the ship.

[4] The seaman does not assume the risk of injury resulting from the unseaworthiness of the vessel, defective appliances, or a place to work not made reasonably safe, although with knowledge of the danger he continues in the employment. Cricket S. S. Co. v. Parry (C. C. A.) 263 Fed. 523, at 525 and 526, certiorari denied Cricket Steamship Co. v.

Parry, 252 U. S. 580, 40 Sup. Ct. 345, 64 L. Ed. 726. The danger of injury because of negligence, if any, in failing to provide means to fasten the iron bar in place, the plaintiff would not assume. Cricket S. S. Co. v. Parry (C. C. A.) 263 Fed. 523, supra. If there was no negligence in the foregoing respect, and the iron bar was either negligently placed in the position described, or negligently permitted to get and remain in such position, which negligence was that · of an officer of the ship or member of the crew other than plaintiff, the plaintiff would not, without more, assume the risk of injury arising from such negligence; for the Employers' Liability Act and the La-Follette Act both abolish the defense of a fellow servant's negligence.

If the complaint alleged that it was plaintiff's duty, as watchman, to look out for and discover such conditions as those causing his injuries, to the end that they might be remedied—a matter which it is not meant to consider—a different question might be presented; but the complaint does not allege what it was the plaintiff's duty to watch.

Demurrer overruled.