## CARSTENSEN v. HAMMOND LUMBER CO.

(Circuit Court of Appeals, Ninth Circuit. February 23, 1926. Rehearing Denied March 22, 1926.)

No. 4696.

1. **Shipping** ⚖══84(4)—**Longshoreman cleaning winch held a fellow servant of mate, and not entitled to recover from employer for mate's alleged negligence in starting winch.**

Libelant, engaged in general service and employment of respondent as a longshoreman, who was engaged in cleaning winch at time of injury, *held* to be a fellow servant of mate of respondent's vessel, who ordered winch cleaned, and libelant was not entitled to recovery against respondent· for mate's alleged negligence in starting winch.

2. **Negligence** ⚖══119(7).

There can be no recovery on ground of negligence not pleaded.

3. **Seamen** ⚖══29(5)—**Incompetency of respondent's mate, which was not pleaded or shown by any evidence, could not be basis for recovery.**

In a libel by longshoreman for injuries sustained when mate started winch, incompetency of respondent's mate could not be ground for recovery, where there was no evidence in record to show such incompetency, and question was not presented below or suggested in the pleadings.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Benjamin F. Bledsoe, Judge.

Libel by Pete Carstensen against the Hammond Lumber Company. From a decree dismissing libel, libelant appeals. Decree affirmed.

John J. Monahan, of San Pedro, Cal., for appellant.

Farnham P. Griffiths, Russell A. Mackey, and McCutcheon, Olney, Mannon & Greene, all of San Francisco, Cal., for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. The appellant brought a libel in personam against the appellee to recover damages for personal injuries incurred by him while engaged as a longshoreman in unloading a cargo .from a vessel which belonged to the appellee, in which work he was assigned to duty as. a winchman. He alleged that he was ordered by the first mate of the ship, "who had full charge of the unloading of said vessel," to clean the back rollers of the winch before commencing operations, and that while he was so engaged in obedience to the order the mate carelessly and negligently and without warning, started the winch in operation, thereby causing the injury. The appellee's answer denied the charge of negligence, and alleged the libelant's own negligence, in that he cleaned the rollers while the winch was running. For an affirmative defense the appellee alleged that it was not answerable for the mate's negligence, for the reason that he and the appellant were fellow servants. Under the issue so presented the testimony was sharply contradictory on the question whether the injury was caused by the appellant's negligence or by that of the mate. The trial court, without determining that question, dismissed the libel on the ground that the libelant and the mate were fellow servants, and that the appellee was not responsible for the latter's act, citing Quinn v. New Jersey Lighterage Co. (C. C.) 23 F. 363, and Olson v. Oregon Coal & Navigation Co., 104 F. 574, 44 C. C. A. 51.

[1] The appellant was in the general service and employment of the appellee as a longshoreman. The case comes within the rule of this court's decisions in The Hoquiam, 253 F. 627, 165 C. C. A. 253 (in which the officer in charge was the mate), Western Fuel Co. v. Garcia (C. C. A.) 260 F. 839, and The Daisy (C. C. A.) 282 F. 261, that, where a longshoreman is employed directly by the ship to assist in loading, he is a fellow servant with an officer of the ship who is in authority over him. The case is to be distinguished from the line of decisions holding that a member of the ship's crew is not a fellow servant with a member of a gang of stevedores engaged in loading or unloading cargo under contracts by which the ship is to furnish certain facilities for the performance of the work, such as the cases reviewed in Standard .Oil Co. v. Anderson, 212 U. S. 215, 29 S. Ct. 252, 53 L. Ed. 480. Here the mate is not charged with failure to perform a nondelegable duty of the master. He is charged only with the commission of a negligent act while engaged in the common work of the employees of the appellee, a work in which the appellant, who was likewise an employee of the appellee, was also engaged as the latter's servant, and not as the servant of a gang of stevedores performing a longshoreman's contract.

[2, 3] The appellant contends that he is entitled to recover on the ground of the incompetency of the mate. We find in the record no evidence to show the mate's incompetency, nor was the question presented to the court below or suggested in the pleadings. It is well settled that there can be no recovery on

the ground of negligence not pleaded. The Frank D. Stout (C. C. A.) 276 F. 382; H. W. Paine & Co. v. Manistee Tanning Co. (C. C. A.) 279 F. 340.

The decree is affirmed.