### JOHNSON v. AMERICAN–HAWAIIAN S. S. CO.

(District Court, W. D. Washington, N. D. April 1, 1926.)

No. 10482.

Seamen ⚖=2.

A stevedore is not a "seaman," within Act June 5, 1920, § 33 (Comp. St. § 8337a).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Seaman.]

At Law. Action by Carl Johnson against the American-Hawaiian Steamship Company. On motion to remand to state court. Denied.

The plaintiff commenced an action in the state court, alleging injury while employed as a stevedore upon the steamship Ohioan, through the negligence of the defendant. The defendant removed the cause to this court on the ground of diversity of citizenship. The plaintiff moves to remand, on the ground that this court is without jurisdiction under section 33 of the Jones Act (Comp. St. § 8337a); that the plaintiff is a seaman, and action may not be removed to this court.

George F. Vanderveer and S. B. Bassett, both of Seattle, Wash., for plaintiff.

Chadwick, McMicken, Ramsey & Rupp, of Seattle, Wash., for defendant.

NETERER, District Judge. Is a stevedore a seaman? If so, the action may not be removed. Cassil v. U. S. E. F. C., 289 F. 774 (Ninth Circuit), held that a stevedore was not a seaman within the accepted definition in admiralty. In The Hoquiam, 253 F. 629, 165 C. C. A. 253, the same court said: "Longshoremen are not classified as seamen in the merchant marine. Treaties do not affect them and legislation in relation to flogging or to safety at sea has no relation to them."

This sentiment is indorsed in Young v. Clyde S. S. Co. (D. C.) 294 F. 549. A person not shipped for a voyage, no shipping articles signed, is not a seaman. The John B. Lyon (D. C.) 33 F. 184. A stevedore is not comprehended within the scope of limitation or liability of seamen. He may not be punished for refusal to perform duty by forfeiture of wages or otherwise. None of the laws or rules for compelling duty or protection of a seaman have application to a stevedore. The fact that his employment has maritime relation is not decisive.

The motion is denied.