### J. R. HANIFY CO. v. WESTBERG.

(Circuit Court of Appeals, Ninth Circuit. December 13, 1926.)

No. 4891.

**1. Master and servant ⬤278(3)—Recovery by longshoreman for injury by breaking of defective sling held sustained by evidence.**

A judgment for injury to a longshoreman by the falling on him of a sling load of lumber being loaded into a vessel on the ground that the rope of which the sling furnished by his employer was made was defective and worn, *held* sustained by the evidence.

**2. Master and servant ⬤103(1)—Duties of employer to furnish reasonably safe appliances and properly inspect same are absolute.**

The duties of an employer to furnish his workmen with reasonably safe appliances and to make proper inspection of them from time to time are imposed on him by law, and are absolute and nondelegable.

**3. Master and servant ⬤185(6)—That defective appliance was selected by fellow servant from quantity furnished does not relieve employer from liability for injury to workman.**

The fact that a quantity of appliances are furnished by an employer, and that a defective one, by which a workman is injured, was selected by a fellow servant, will not relieve the employer from liability.

**4. Evidence ⬤194—Identity of articles offered in evidence presents preliminary question for trial judge.**

It is for the trial judge to determine whether or not an article offered has been sufficiently identified to warrant its admission in evidence, and its submission to the jury to pass finally on the question of identity.

In Error to the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Action at law by Leonard Westberg against the J. R. Hanify Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Erskine Wood and Gunther F. Krause, both of Portland, Or., for plaintiff in error.

Lord & Moulton, of Portland, Or., for defendant in error.

Before RUDKIN, Circuit Judge, and DIETRICH and KERRIGAN, District Judges.

KERRIGAN, District Judge. Leonard Westberg, a longshoreman, brought an action against J. R. Hanify Company, a corporation, to recover damages for injuries sustained by him while employed by said corporation in stowing lumber, which was being loaded on the steam schooner Ryder Hanify, which lay at a dock at Portland, Or. The case was tried before a jury, which found a verdict for the plaintiff, upon which judgment for $4,000 and costs was entered against defendant, who, by writ of error, brings the case to this court.

The cause of action is based on the alleged negligence of the plaintiff in error in furnishing for use in the work of loading its schooner a sling of insufficient strength for the task, with the result that, while a load of lumber was being hoisted, the sling which held it together broke, and defendant in error was struck by pieces of lumber which fell with considerable force upon him.

There are several theories upon which the accident might be accounted for. The load may have been excessive, as a consequence of the order of the master of the vessel in charge of the work to include in one load a quantity of lumber which, without his intervention, would have furnished material for two; or the sling may have been defective; or, as contended by defendant in error, the failure of the winchman to shout a warning to the men engaged in the work of loading may have contributed to the injury.

The defendant contends that the evidence establishes only an accident resulting from one or more of these three conditions, for one or more of which it would not be responsible, and that therefore the verdict for the plaintiff cannot be sustained.

[1] It must be admitted that the defendant would not be liable if the accident were due to an excessive load, carried or taken through the carelessness or bad judgment of the mate, who clearly was a fellow servant of the plaintiff. The Westport (C. C. A.) 136 F. 391; Olson v. Oregon Coal & Nav. Co. (C. C. A.) 104 F. 574; Carstensen v. Hammond Lumber Co. (C. C. A.) 11 F.(2d) 142; The Frank D. Stout (C. C. A.) 276 F. 382. For a like reason there would be no liability if the accident had been caused by the failure of the winchman to shout a warning. Western Fuel Co. v. Garcia (C. C. A.) 260 F. 839. But we think there was ample evidence to support a verdict that the accident resulted from the use of a defective sling, and that, on appropriate instructions, which eliminated negligence of the mate or watchman as a ground of recovery, such defaults being those of fellow servants, and, moreover, not charged in the complaint as causing or contributing to the injury, the jury properly so found.

The cable of which the sling was made was exhibited to several witnesses, all well qualified to give an opinion as to its condition, and by each it was characterized as inferior in quality. One witness, a sailor and longshoreman of 20 years' experience, stated that, although slings are usually made of discarded cargo falls, from which the worn portions are cut out, "this end was the bummest end of the winch fall, that the man put a splice in and used for lumber sling." Under the evidence introduced by the plaintiff there can be no doubt that the sling was worn to such an extent as to be unequal to the burden which, in the ordinary course of the work, might be imposed upon it, and therefore a possible source of danger, and that proper inspection would have disclosed the fact.

[2, 3] It is the duty of an employer to furnish his workmen with reasonably safe appliances, and to make proper inspection of them from time to time thereafter. These duties are imposed upon him by law, and are absolute and nondelegable. Kreigh v. Westinghouse, 214 U. S. 249, 29 S. Ct. 619, 53 L. Ed. 984. Where the only appliances suitable for the work are defective—and there is some evidence that the sling which parted was the only one long enough for use in handling the particular load here involved—liability for resulting injury is unescapable. Even where a quantity of appliances are furnished, all presumably suitable for the work, but some of them defective, the fact that a selection must be made by a fellow servant of an injured workman is unimportant, and the use of one of them which is defective will not shift the responsibility. Rosseau v. Deschenes, 203 Mass. 261, 89 N. E. 391; Thomas v. Ann Arbor Ry. Co., 114 Mich. 59, 72 N. W. 40. To hold otherwise would be virtually to abrogate the rule that the duty to use due care to furnish safe appliances is nondelegable.

[4] It is urged that the sling, when offered in evidence, was not sufficiently identified as the one which broke to warrant its admission, and that this preliminary question was left to the jury, instead of being determined, as it should have been, by the court. The wire offered in evidence was picked up im-

mediately after the accident from under or near the end of the load which fell, and was the only broken piece of sling anywhere near. Its possession was accounted for from that moment up to the time it was offered in evidence at the trial. Preliminary questions of fact, such as the identity of articles offered in evidence, are for the trial court to decide. 22 C. J. 766; State v. Porter, 32 Or. 135, 49 P. 964. It is for the trial judge to determine whether or not facts have been established which warrant the submission of such articles to the consideration of the jury, and cases may easily be imagined in which it would be prejudicial error for him not to do so; but in the case at bar no such error was committed. The court, after hearing the testimony, ruled that the sling was admissible, and stated its reasons for holding that the article had been sufficiently identified, adding that the jury were privileged to reject the evidence, if in its opinion the identity of the sling was not established, thus leaving the ultimate determination to the jury. This was in conformity to a practice which is commendable because of its extreme fairness, and, if erroneous, was favorable to the defendant rather than otherwise.

It seems unnecessary to add that this case was tried, argued, and briefed on the theory that defendant in error was proceeding in maritime tort, and not under the Merchant Marine Act. No reference was made to the act in this court, and no indication was given of an intention to accept its benefits until more than three weeks after submission of the cause, when International Stevedoring Co. v. Haverty, 47 S. Ct. 19, 71 L. Ed. ——, was decided. Since the judgment on either theory must be affirmed, it has been thought expedient to decide the case on the same theory as that on which it was tried, and on which the writ of error was defended.

Judgment affirmed.