## HAMMOND LUMBER CO. v. SANDIN.

(Circuit Court of Appeals, Ninth Circuit. February 14, 1927. Rehearing Denied March 14, 1927.)

No. 4864.

1. Seamen ⊂⊃29(3)—Longshoreman employed by ship held "fellow servant" with mate.

A longshoreman, employed directly by the ship to assist in loading, is a "fellow servant" with a mate, directing the work.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fellow Servant.]

2. Seamen ⊂⊃2—Stevedore is "seaman," entitled to recover for injuries through negligence of fellow servant (Merchant Marine Act 1920, § 33. [Comp. St. § 8337a]).

A stevedore is a "seaman," within Merchant Marine Act 1920, § 33 (Comp. St. § 8337a), and may recover for an injury incurred through negligence of a fellow servant.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Seaman.]

3. Seamen ⊂⊃29(5)—Seaman's bringing action at law for personal injury is election to proceed under Merchant Marine Act 1920, § 33 (Comp. St. § 8337a).

An action at law for damages for personal injury, brought by a seaman on the ground of negligence, is an election to proceed under Merchant Marine Act 1920, § 33 (Comp. St. § 8337a).

Dietrich, District Judge, dissenting.

In Error to the District Court of the United States for the District of Oregon; Charles E. Wolverton, Judge.

Action at law by Oscar Sandin against the Hammond Lumber Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Harold M. Sawyer and Alfred T. Cluff, both of San Francisco, Cal., and Albert B. Ridgway, E. A. Johnson, and Hugh Montgomery, all of Portland, Or., for plaintiff in error.

Lord & Moulton, of Portland, Or., for defendant in error.

Before RUDKIN, Circuit Judge, and DIETRICH and KERRIGAN, District Judges.

KERRIGAN, District Judge. This was an action brought by one Oscar Sandin (defendant in error) against Hammond Lumber Company, a corporation (plaintiff in error), to recover damages for personal injuries sustained by him while working as a stevedore stowing lumber on a vessel owned by said corporation which was being loaded at the port of Vancouver, Wash. The cause was tried before a jury, which found a verdict in favor of Sandin in the sum of $7,000, upon which judgment was entered. The lumber company brings the case to this court by writ of error.

A brief reference to the testimony will serve to illustrate the points made by the plaintiff in error. The vessel being loaded lay several feet below the deck, and the men working on the deck of the vessel could not see up to the point where the lumber was being prepared in slings. The work was being done under the direction of the first mate.

The usual size of a sling load of 1" x 6" lumber then being loaded was 2½ feet wide by 3½ feet high, and was made by laying the boards on the dock to the required width and building to the required height, tapering the top layers of boards, so as to fit into the V of the sling, which, when tightened, would bind the load. If the load is made excessively large, the sling will not bind it sufficiently, and there is a tendency for the middle portion of it, when the sling load is lifted and moved, to slide out and fall on the deck below, making the vicinity dangerous for the men working there.

The work of loading up to a time shortly before Sandin was injured had been proceeding in the usual manner, when the mate, being dissatisfied with the size of the loads, ordered that they be made larger. As the emphatic manner in which this order was given seems to have had some influence upon what followed, it may be well to quote its language as given by one of the witnesses. The mate said: "What in the hell is the matter with you fellows? Can't you send down loads? We want all the slings will hold. We have got to have lumber on the boat." Thereupon two of the sailors on the dock made up a load, according to the testimony of one of the witnesses, "possibly six feet square or seven feet square, all the sling would go around," and made it according to the method known as rough-piling, by which, instead of building the load as heretofore described, a section of the lumber is raised from the pile from which it is being taken, the loop of the sling is placed around one end of it, and the sling drawn to about the center of the section and tightened. The sling thus encompassed about twice the usual quantity, and during the transfer of the load from the dock to the deck it came apart, one or more of the boards striking and injuring Sandin, who was at work on the deck of the vessel.

At the end of plaintiff's case, and again at the conclusion of the testimony, the defendant made a motion for a directed verdict upon two grounds, namely: (1) That there was no sufficient or competent evidence of any negligence on its part; and (2) that it appeared from the uncontradicted evidence that the negligence, if any, causing the injury to Sandin, was attributable to the acts and conduct of his fellow servants. This motion was denied, and the correctness of this ruling is the main, if not the sole, ground urged in support of the appeal.

The defendant in error presented his case on the theory that the mate, in giving the order to increase the size of the sling loads of lumber was a vice principal or representative of the master, overseeing and directing the work, and that such order had for its effect to make the place of work dangerous, with consequent failure on the part of the master to provide a safe place of work for his employees. The plaintiff in error, while conceding it to be the duty of the master to provide a reasonably safe place of work, denied that the order given by the mate was negligent, and contended that, irrespective of that question, it was an order given by the mate in the execution of work in which both he and the defendant in error were engaged as fellow servants, and that the giving of the order, if improvident, was a negligent act of a fellow servant, for which the master could not be held responsible. Both parties assumed during the trial, and in their attitude towards the instructions of the court, that, if the mate was to be regarded as a fellow servant of Sandin, the defendant would not be responsible for his injuries, and the court so instructed the jury.

[1, 2] We are of the opinion that, under the rule adopted in this jurisdiction, the order of the mate was no more than one relating to the execution of work in which both he and the plaintiff were engaged as fellow servants (Olson v. Oregon Coal & Navigation Co. [C. C. A.] 104 F. 574; The Westport [C. C. A.] 136 F. 391; The Hoquiam [C. C. A.] 253 F. 627; The Frank D. Stout [C. C. A.] 276 F. 382; Carstensen v. Hammond Lumber Co. [C. C. A.] 11 F.[2d] 142); but we think that the question becomes immaterial in this case, since the evidence clearly established that the negligence which caused Sandin's injuries was attributable either to the mate in the giving of his order, or to the faulty construction, by the sailors, of the sling load which collapsed, and in either case the defendant would be liable (International Stevedoring Co. v. Haverty [decided October 18, 1926, by the Supreme Court of the United States] 47 S. Ct. 19, 71 L. Ed. ——).

It was held in that case that a longshoreman is a seaman within the meaning of section 33 of the Merchant Marine Act of 1920 (Comp. St. § 8337a), which section provides that "any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply." It is admitted that the defense that an action-

able injury was caused by the negligence of a fellow servant was abrogated by the federal Railroad Employer's Liability Act (Comp. St. §§ 8657–8665), and it is now apparent that although, under the view of the law prevailing in this jurisdiction at the time, plaintiff in error was entitled to the directed verdict requested, he was not in reality so entitled, and the refusal of the trial court to direct the verdict becomes immaterial. It is also clear that the instructions to the jury, under which they were not permitted to find a verdict for the plaintiff if the negligent act of which he complained was that of a fellow servant, placed upon him a more onerous burden than the law warranted.

It is nevertheless urged by the plaintiff in error that the judgment should be reversed, since section 33 of the Merchant Marine Act under which the judgment is now sought to be sustained requires an election on the part of the party seeking to enforce the right or obtain the remedies there provided, and that the defendant in error did not so elect. But we think that the election required by the statute is sufficiently indicated where a person, entitled to the benefit thereof, brings an action at law, alleging negligence and praying for damages. Engel v. Davenport, 271 U. S. 33, 46 S. Ct. 410, 70 L. Ed. 813. In that case the plaintiff sought to recover damages for injuries received through the breaking of a defective appliance on a vessel, and the court, in answer to the objection that the suit was not one brought under the act, said:

"Here the complaint contains an affirmative averment of negligence in respect to the appliance. And, having been brought after the passage of the Merchant Marine Act, we think that the suit is to be regarded as one founded on that act, in which the petitioner, instead of invoking, as he might, the relief accorded him by the old maritime rules, has elected to seek that provided by the new rules in an action at law based upon negligence—in which he not only assumes the burden of proving negligence, but also, under section 3 of the Employers' Liability Act, subjects himself to a reduction of the damages in proportion to any contributory negligence on his part."

See, also, Luckenbach S. S. Co. v. Campbell (C. C. A.) 8 F.(2d) 223.

If, in the trial of the case at bar, there was no insistence by the defendant in error that the remedy sought be administered in the form provided in section 33 of the Merchant Marine Act, it was due, as we have seen, to his erroneous assumption (shared by the plaintiff in error and the court) that he was not entitled to so insist. The plaintiff in error was the gainer by this mutual mistake, as it placed a greater burden upon the defendant in error in the establishment of his case.

The judgment is therefore affirmed.

DIETRICH, District Judge, dissents.