**Petition of CROSBY FISHERIES, Inc.**

**THE SALMON KING.**

District Court, W. D. Washington, N. D.
March 26, 1929.

No. 11943.

See, also, 24 F.(2d) 555.

Bronson, Jones & Bronson and Schwellenbach, Merrick & Macfarlane, all of Seattle, Wash., for petitioner.

George F. Vanderveer, of Seattle, Wash., for claimant.

NETERER, District Judge (after stating the facts as above). The strong preponderance of the evidence is that there was nothing mechanically wrong with the winch; that, following the accident, it was used throughout the summer without any mechanical changes or repairs, except such as were incidental to the work. A careful weighing of the evidence and examination of the elaborate briefs filed by the parties confirms this conclusion of fact. I am also convinced from the evidence that the claimant, in pushing the load in an endeavor to place it at the point desired, stepped between the load and the hatch coaming, and that when the load swung it carried with it the claimant, who hung onto a piece of timber for a brief time before falling 30 feet into the hold. All of the circumstances point to the conclusion that the winchman failed to move the winch, or to operate the winch, in harmony with the order given, and that the primary cause of the injury was the improper operation of the winch by the winchman, and the proximate cause was stepping between the load and hatch, and but for which act of claimant the injury would not have occurred.

The claim is made under the Federal Employers' Liability Act (45 USCA § 51, p. 92): "Every common carrier * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce * * * resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its * * * appliances, machinery, * * * or other equipment."

The provision of the Liability Act is broad in its scope, and includes officers, etc., and contributory negligence does not bar recovery, but only diminishes the damages in proportion to the amount of negligence attributable. (45 USCA § 53). "The policy of the statute is directed to the safety of the men and to treating compensation for injuries to them as properly part of the cost of the business." International Stevedoring Co. v. Haverty, 272 U. S. 50, 47 S. Ct. 19, 71 L. Ed. 157.

Nor does the negligence of a coemployee resulting in injury preclude recovery, and the common-law fellow-servant doctrine is abrogated, and the negligence of the coemployee is placed on the same basis as negligence of the employer. Chesapeake & O. Ry. v. DeAtley, 241 U. S. 310, 36 S. Ct. 564, 60 L. Ed. 1016. The mate, Capt. Rhodes, in charge of the vessel, and the winchman, were, under the act, fellow servants. International Stevedoring Co. v. Haverty, supra; Carstensen v. Hammond Lbr. Co. (C. C. A.) 11 F.(2d) 142; Hammond Lbr. Co. v. Sandin (C. C. A.) 17 F.(2d) 760. And the negligence of the winchman in the operation of the winch will not preclude the recovery for the reason that the claimant, as his superior officer, could not control the immediate conduct of the winchman.

The claimant was seriously and permanently injured. He had a life expectancy of 19 years. While not totally disabled, it is idle to consider a monetary consideration for a man who loves life, for the injury sustained, and from which he still suffers, and, no act of the petitioner contributing to the injury, it is difficult to ascertain what justice and right require. While the negligence of the claimant in stepping between the dunnage load being moved and the hatch was not such a reckless disregard of security and right as to imply bad faith, and tantamount to "magna culpa" of the civil law, it was a greater want of care than is implied by "ordinary negligence." All of the circumstances considered, I think $7,500 should be awarded.

Decree may accordingly be presented on notice.